**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALBIR SINGH DHALIWAL,<br><br>           Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 08-74719<br><br>Agency No. A97-111-147<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, District Judge.[***]

Balbir Singh Dhaliwal ("Petitioner"), a native and citizen of India, petitions

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal. Petitioner also appeals the BIA's affirmance of the IJ's finding that Petitioner's testimony during removal proceedings was not credible and that Petitioner filed a frivolous application for asylum. This court has jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Adverse credibility findings are reviewed for substantial evidence, meaning they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012); *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009). In pre-REAL ID cases, an adverse credibility ruling must be upheld so long as identified inconsistencies go to "the heart of [the] asylum claim." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002) (quotation omitted). The IJ, however, must give the asylum applicant a "reasonable opportunity" to explain inconsistencies in his testimony. *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004).

Here, the BIA discussed specific inconsistencies in Petitioner's testimony, his application for asylum, and other documentary evidence introduced during

---

[1] Since Petitioner filed his application for relief before May 11, 2005, pre-REAL ID Act standards apply. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

removal proceedings that cast substantial doubt upon his identity, membership in a persecuted group, and the veracity of his accounts of persecution. Petitioner argues that the IJ did not provide him a reasonable opportunity to explain certain discrepancies and refused to accept his reasonable explanations for others. The record, however, reveals that counsel and the IJ not only attempted to clarify inconsistencies in Petitioner's presentation with further inquiry, but that Petitioner's proffered explanations only generated additional ambiguity. Because no reasonable factfinder would be compelled to reach the opposite conclusion, we hold that substantial evidence supports the BIA's adverse credibility determination.

We review de novo a finding that an applicant filed a frivolous application for asylum and whether the IJ complied with the requisite procedural safeguards. *See Yan Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011); *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 208.20 (2012).

First, Petitioner does not dispute whether he received proper notice of the consequences of filing a frivolous asylum application. Second, the IJ found deliberate fabrication based on the unreliability of Petitioner's specific documentary submissions, discrepancies between those submissions and his testimony, and his inability to clarify such discrepancies upon further inquiry.

3

Third, the record supports the frivolousness finding by a preponderance of the evidence. Finally, the IJ afforded Petitioner adequate opportunities to address the potentially fraudulent aspects of his asylum application. For these reasons, the frivolousness finding stands.

Where substantial evidence supports an adverse credibility determination concerning key elements of a claim for withholding of removal, this Court must defer to those credibility findings in upholding the BIA's denial of that relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because the BIA's adverse credibility ruling concerns Petitioner's identity, membership in a protected group, and persecution on account of that membership, substantial evidence supports its denial of Petitioner's application for withholding of removal. *See Malkandi*, 576 F.3d at 912.

**PETITION DENIED.**